IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02614-PAB-KLM

PAUL CUIN,
Personal Representative, on behalf of the estate of Tiffany Marie O'Shell, Deceased,
JACQUELINE CUIN,
Personal Representative, on behalf of the estate of Alyssa A. O'Shell, Deceased,

    Plaintiffs,

v.

PRUDENTIAL LIFE INSURANCE COMPANY,
a/k/a PRUDENTIAL INSURANCE COMPANY OF AMERICA;
OFFICE OF SERVICEMEMBERS' GROUP LIFE INSURANCE; and
CHARLOTTE O'SHELL,

    Defendants.
_____

**TEMPORARY RESTRAINING ORDER**
_____

This matter comes before the Court on plaintiffs' Motion for Emergency Relief [Docket No. 4], which the Court construes as a motion for temporary restraining order pursuant to Fed. R. Civ. P. 65(b). The Court held hearings on this motion on December 2 and December 4, 2008. No representative of the defendants appeared at such hearings. Jurisdiction is predicated on federal question jurisdiction.

**A. Applicable Legal Standards**

A temporary restraining order is extraordinary relief. A party seeking a preliminary injunction or a temporary restraining order must show 1) a substantial likelihood that the movant eventually will prevail on the merits; 2) that the movant will suffer irreparable injury unless the injunction issues; 3) that the threatened injury to the

movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. Fed. R. Civ. P. 65(b).

**B. Findings of Fact and Conclusions of Law**

Based on the motion, the arguments of plaintiffs' counsel, and the other pleadings and filings in this case, the Court makes the following findings of fact and conclusions of law pursuant to Rule 65:

1. William David O'Shell was the holder of two life insurance policies issued by defendant Office of Servicemembers' Group Life Insurance and apparently underwritten by defendant Prudential Life Insurance Co. One policy is a Servicemembers' Group Life Insurance (SGLI) policy wherein William David O'Shell is the insured person in the amount of $400,000. Another policy is a Family Servicemembers' Group Life Insurance (FSGLI) policy wherein Tiffany Marie O'Shell is the insured person in the amount of $100,000.

2. Both of these life insurance policies name Tiffany O'Shell as an 85% beneficiary and Charlotte O'Shell as a 15% beneficiary. At the time that the beneficiaries were designated, Tiffany O'Shell was the wife of William David O'Shell and Charlotte O'Shell was the mother of William David O'Shell.

3. William David O'Shell murdered his wife Tiffany O'Shell and then killed himself on June 30, 2008.

4. William David O'Shell and Tiffany O'Shell had a natural daughter, Alyssa, who was not a named beneficiary of the life insurance policies in question. Alyssa O'Shell died of an illness on October 28, 2008.

5. Defendant Office of Servicemembers' Group Life Insurance has indicated, in a letter dated November 25, 2008, that it will disburse the proceeds of the SGLI life insurance policy in question to Charlotte O'Shell on or about December 5, 2008 unless restrained by a court from doing so. *See* Motion for Emergency Hearing, Exh. 1.

6. Defendant Office of Servicemembers' Group Life Insurance has designated plaintiffs' claims regarding both insurance policies as Claim No. 10904812.

7. Plaintiffs have not been able to obtain copies of either policy from defendants Prudential Life Insurance Company and Office of Servicemembers' Group Life Insurance.

8. Plaintiffs base their claims to the proceeds on federal common law and specifically the "extended Slayer's Rule," which precludes on public policy grounds the exclusive family members of the slayer, i.e., a person who murders the beneficiary of a life insurance policy, from benefitting from the fact that the slayer feloniously killed the beneficiary. Whether or not such rule applies in this case will depend, in part, upon the language of the insurance policies and the circumstances of the designation of beneficiaries in such policies. Such information is not now before the Court.

9. Pursuant to Fed. R. Civ. P. 65(b)(1)(B), plaintiffs' counsel filed a Statement of Plaintiff's [sic] Counsel Concerning Efforts to Provide Notice of Motion for Temporary Injunction to Defendants [Docket No. 7]. This statement complies with the

rule insofar as defendant Office of Servicemembers' Group Life Insurance is concerned. The statement makes no representations regarding Prudential Life Insurance Company or Charlotte O'Shell. However, plaintiffs filed a Return of Service [Docket No. 5] indicating service of the Motion for Emergency Hearing and other pleadings on Prudential Life Insurance Company's agent for service of process in Colorado on December 3, 2008. Moreover, plaintiffs' counsel explained that his attempts to communicate with Prudential have been handled by representatives of Office of Servicemembers' Group Life Insurance. For these reasons, the Court finds that plaintiffs have made adequate efforts to provide notice of these proceedings to defendant insurance companies.

10. Pursuant to Fed. R. Civ. P. 65(b)(1)(A), plaintiffs filed two affidavits, one of plaintiff Jacqueline Cuin [Docket No. 8] and one of plaintiff Paul Cuin [Docket No. 9]. At the December 4, 2008 hearing, each testified that he or she had reviewed and signed the appropriate affidavit. These affidavits were admitted as Court Exhibits 2 and 1, respectively. The affidavits state, in part, that the estates of Tiffany O'Shell and Alyssa O'Shell will be irreparably harmed if the proceeds of the life insurance policies are paid to Charlotte O'Shell on December 5, 2008 because the insurance companies will be exonerated from liability and the recovery of funds from Charlotte O'Shell will be "financially impossible."

11. Plaintiffs were unaware of any damage to the defendants or to the public interest if the Court were to issue a temporary restraining order. Based on conversations with her and her nephew, plaintiffs' counsel has no reason to believe that

Charlotte O'Shell needs or is relying upon proceeds from the insurance policies in the next ten days.

  12. Plaintiffs have carried their burden of showing irreparable injury unless a temporary restraining order issues. As evidenced by the letter referred to in Paragraph 5, *supra*, defendant Office of Servicemembers' Group Life Insurance intends to disburse the proceeds of the SGLI policy on or about December 5, 2008. The possibility exists that it will also disburse the proceeds of the FSGLI policy. If this happens, plaintiffs' ability to obtain relief would be significantly and irreparably harmed.

  13. Plaintiffs have carried their burden of showing that the threatened harm to them outweighs whatever damage the proposed restraining order may cause to the defendants.

  14. Plaintiffs have also carried their burden of showing that the injunction, if issued, would not be adverse to the public interest.

  15. Plaintiffs' showing that they will suffer irreparable injury, that their threatened injury outweighs that to the defendants, and that a restraining order would not be adverse to the public interest tips strongly in favor of plaintiffs' request for injunctive relief. While issues remain regarding the applicability of the extended Slayer's Rule and therefore plaintiffs' likelihood of success on the merits, the Court finds that such issues are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation. *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1255-56 (10th Cir. 2003). As a result, the Court finds that the plaintiffs have met their burden of proof for obtaining a temporary restraining order.

16. The Court finds that no bond is required pursuant to Fed. R. Civ. P. 65(c) given that no damages to defendants are likely from the issuance of a temporary restraining order.

Therefore, on this 4th day of December, 2008 at 3:00 p.m., it is

ORDERED that plaintiffs' Motion for Emergency Hearing [Docket No. 4] is granted. It is further

ORDERED that defendant Office of Servicemembers' Group Life Insurance is TEMPORARILY RESTRAINED AND ENJOINED from paying out or disbursing any proceeds or monies from the insurance policies at issue in Claim No. 10904812 to defendant Charlotte O'Shell. It is further

ORDERED that defendant Prudential Life Insurance Company is TEMPORARILY RESTRAINED AND ENJOINED from paying out or disbursing any proceeds or monies from the insurance policies at issue in Claim No. 10904812 of defendant Office of Servicemembers' Group Life Insurance to defendant Charlotte O'Shell. It is further

ORDERED that plaintiffs shall make reasonable efforts to serve a copy of this Temporary Restraining Order on defendants. It is further

ORDERED that the Clerk's Office shall mail or email a copy of this Temporary Restraining Order to defendants at the following addresses:

Ms. Charlotte O'Shell
10 Chesapeake Street, Apt. 1
Lyndora, PA  16045-1076

Colleen Lawrence
OSGLI Claims
Prudential Insurance
80 Livingston Avenue
Roseland, NJ  07068
Fax:  877-832-4943

JoAnn Burk, Esq.
Cuyler Burk, P.C.
4 Century Drive
Parsippany, NJ  07054
email: dmcgeary@cuyler.com
Attorney for Prudential Life Insurance Co.

It is further

ORDERED that this Temporary Restraining Order shall expire, if not modified or dissolved before then, on Sunday, December 14, 2008, at 3:00 p.m.  It is further

ORDERED that a hearing on plaintiffs' Verified Motion for Temporary Injunction [Docket No. 3], which the Court construes as a motion for preliminary injunction, is set for hearing on December 11, 2008 at 9:00 a.m.

DATED this 4th day of December, 2008.

BY THE COURT:


s/Philip A. Brimmer
United States District Judge