IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02614-PAB-KLM

PAUL CUIN,
Personal Representative, on behalf of the estate of Tiffany Marie O'Shell, Deceased,
JACQUELINE CUIN,
Personal Representative, on behalf of the estate of Alyssa A. O'Shell, Deceased,

    Plaintiffs,

v.

PRUDENTIAL LIFE INSURANCE COMPANY,
a/k/a PRUDENTIAL INSURANCE COMPANY OF AMERICA;
OFFICE OF SERVICEMEMBERS' GROUP LIFE INSURANCE; and
CHARLOTTE O'SHELL,

    Defendants.
_____

**ORDER EXTENDING TEMPORARY RESTRAINING ORDER**
_____

This matter comes before the Court on the Stipulation to Continue the Hearing Date Set for December 11, 2008 filed by plaintiffs and defendants Prudential Life Insurance Company a/k/a Prudential Insurance Company of America ("Prudential") and Office of Servicemembers' Group Life Insurance ("OSGLI") on December 10, 2008 [Docket No. 18]. The Court construes the Stipulation as a motion to continue the preliminary injunction hearing set for December 11, 2008.

**A. Applicable Legal Standards**

The decision to grant or deny a continuance is committed to the trial court's discretion. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). Pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, for good cause

shown, this Court may extend a temporary restraining order for up to ten additional days from the date of its expiration. Fed. R. Civ. P. 65(b)(2); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters,* 415 U.S. 423, 440 n.15 (1974). Although Rule 65(b)(2) does not define "good cause," courts have found an extension is warranted where, despite the diligence of the parties, additional time is necessary to prepare for a preliminary injunction hearing. *See*, *e.g.*, *Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1260–61 (D. Kan. 2001). Delay outside of the control of the moving party may also support a finding of good cause. *See American Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1010 (S.D. Ohio 2007) ("It would be inequitable for Plaintiff to lose a lawfully obtained [temporary restraining order] . . . simply based on the circumstances of scheduling issues.").

**B. Findings of Fact and Conclusions of Law**

1. On December 4, 2008, the Court issued a Temporary Restraining Order [Docket No. 11] enjoining defendants Prudential and OSGLI from paying out or disbursing any proceeds or monies from the insurance policies at issue in this lawsuit.

2. The Temporary Restraining Order will expire on Sunday, December 14, 2008, at 3:00 p.m. if not extended.

3. Pursuant to Rule 65(b)(3), contemporaneous with its issuance of the Temporary Restraining Order, the Court set a hearing on December 11, 2008 at 9:00 a.m. to hear plaintiffs' Verified Motion for Temporary Injunction [Docket No. 3], which it construed as a motion for preliminary injunction.

4. Defendant Charlotte O'Shell has not entered an appearance, but the

2

Stipulation to Continue the Hearing states that defendant O'Shell does not object to continuing the hearing and, therefore, presumably preserving the status quo. Defendants Prudential and OSGLI entered an appearance through counsel via the Stipulation [Docket No. 18] and have not filed any papers in opposition to plaintiffs' requested injunctive relief.

5. This matter involves the disbursement of certain life insurance policy proceeds in the name of William David O'Shell and his family. A complete analysis of the factors warranting preliminary injunctive relief requires a reliable identification of all insurance policies at issue in this case and the terms of such policies. Plaintiffs, Prudential, and OSGLI have not yet identified all policies at issue nor have they confirmed the identity of all parties with potential claims to the proceeds of such policies. A continuance of the preliminary injunction hearing would enable the parties to accomplish these tasks.

6. Under the circumstances, there is good cause to extend the Temporary Restraining Order for an additional ten days. Plaintiffs, along with Prudential and OGSLI, have indicated that they are not prepared to go forward with an evidentiary hearing on plaintiffs' motion for preliminary injunction. Defendants Prudential and OGSLI are, however, purportedly arranging to interplead the proceeds of the life insurance policies at issue. The Court therefore finds good cause to continue the hearing on plaintiffs' motion for a preliminary injunction and to extend the Temporary Restraining Order.

Therefore, it is

ORDERED that the motion to continue [Docket No. 18] is granted. It is further

ORDERED that, for good cause shown, the Temporary Restraining Order [Docket No. 11] is extended for ten days pursuant to Fed. R. Civ. P. 65(b)(2). Defendants Office of Servicemembers' Group Life Insurance and Prudential Life Insurance Company shall continue to be TEMPORARILY RESTRAINED AND ENJOINED according to the terms of the Temporary Restraining Order [Docket No. 11] until it expires as set forth herein. It is further

ORDERED that the Temporary Restraining Order [Docket No. 11] shall expire, if not modified or dissolved before then, on Wednesday, December 24, 2008, at 3:00 p.m. It is further

ORDERED that the hearing set for December 11, 2008 at 9:00 a.m. on plaintiffs' Verified Motion for Temporary Injunction [Docket No. 3], which the Court construes as a motion for preliminary injunction, is VACATED and RESET for December 23, 2008, at 10:30 a.m.

DATED this 10th day of December, 2008.

BY THE COURT:

s/Philip A. Brimmer
Philip A. Brimmer
United States District Judge